# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

CIVIL ACTION NO. 07-CV-00070-SM

MICHAEL C. DILLON and )
JENNIFER KRESGE, )
    Plaintiffs )
     )
v. )
     )
SELECT PORTFOLIO SERVICING, INC.) 
HARMON LAW OFFICES, P.C., )
PMI GROUP, INC., MERRILL )
LYNCH MORTGAGE CAPITAL, )
MERRILL LYNCH MORTGAGE )
INVESTORS, LASALLE BANK )
NATIONAL ASSOCIATION, )
    Defendants )

## PROTECTIVE ORDER

IT IS HEREBY ORDERED THAT:

1. This Order shall govern the use, handling, and disclosure of all documents, testimony or information produced or given in this action which are designated to be subject to this Order.

2. Any documents, testimony or information submitted, either voluntarily or pursuant to any subsequent order, which is asserted in good faith by the producing party or by any other party to contain or constitute information protected by Federal Rule of Civil Procedure 26(c)(7) or other provision of law, shall be so designated in writing, or orally at a deposition, hearing or trial and shall be segregated from other information being submitted. Materials so designated shall be clearly marked on their face with the legend: "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY." Such documents, transcripts, or other

{K0350646.1}

materials are referred herein as "CONFIDENTIAL MATERIALS" and "CONFIDENTIAL-AEO MATERIALS," respectively.

3.  A party wishing to designate portions of a deposition transcript CONFIDENTIAL pursuant to this Order must, within 2 business days from the conclusion of the deposition, order the original or a copy of the transcript of the deposition from the court reporter for regular turnaround. The designating party may designate those portions of the transcript CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY, in accordance with paragraph 2 of this Order. The designating party shall designate such CONFIDENTIAL MATERIAL or CONFIDENTIAL-AEO MATERIAL either on the record or by serving upon all counsel of record via facsimile or other electronic transmission a Notice setting forth the page, line numbers and designation. The designating party must serve such Notice within 10 business days after its counsel received a copy of the deposition transcript. All transcripts will be treated as confidential until the expiration of the 10 day period described in this paragraph. Any portions of a transcript designated as confidential shall thereafter be treated as confidential in accordance with this Order. The parties shall negotiate in good faith to alter the time frames set forth in this paragraph in situations where a more expedited filing of a designated portion of the deposition transcript is required.

4.  All CONFIDENTIAL MATERIALS and CONFIDENTIAL-AEO MATERIALS, and all information derived therefrom (including but not limited to all testimony, deposition or otherwise, that refers, reflects or otherwise discusses any such materials), shall not be used, directly or indirectly, by any person for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with this Order.

5. Subject to paragraph 9, in the absence of prior written permission from the designating party or an order by the Court, CONFIDENTIAL MATERIALS shall not be disclosed to any person other than: (i) the parties and their attorneys; (ii) qualified persons taking testimony involving such material and necessary stenographic and clerical personnel; (iii) disclosed experts and their staff employed for this litigation; (iv) present or former employees of the producing party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure); and (v) the Court, Court personnel, and members of any jury impaneled to hear this case.

6. Subject to paragraph 9, in the absence of prior written permission from the designating party or an order by the Court any party that seeks to disclose any CONFIDENTIAL MATERIALS to any disclosed expert pursuant to paragraph 5(iii) must give notice in writing by facsimile or by electronic transmission to the designating party not less than five (5) business days prior to the proposed disclosure. Such notice must include the name of the disclosed expert, the date of the proposed disclosure, a summary of the disclosure, and the expert's educational and employment history. If the designating party objects in good faith to the proposed disclosure, it must give notification in writing by facsimile or by electronic transmission of its objections and the grounds thereof prior to the date of the proposed disclosure. If the dispute is not resolved informally within three (3) business days of such notice of objections, the designating party shall submit each objection to the Court, together with a request for a ruling, not later than five (5) business days after the expiration of that 3-day period. The dissemination of such CONFIDENTIAL MATERIALS to such expert shall be withheld pending the Court's ruling.

7. Subject to paragraph 9, CONFIDENTIAL MATERIALS shall not be disclosed to any person designated in paragraph 5(i), (ii), (iii) or (iv) unless he or she has executed a written,

dated declaration in the form attached as Exhibit A, acknowledging that he or she has first read this Order, agreed to be bound by the terms thereof, agreed not to reveal such CONFIDENTIAL MATERIALS to anyone, and agreed to utilize such CONFIDENTIAL MATERIALS solely for the purposes of this litigation. All persons to whom CONFIDENTIAL MATERIALS are disclosed are hereby enjoined from disclosing same to any other person except as provided in this Order, and are also enjoined from using same except in the preparation for and trial of this case between the named parties thereto. No person receiving or reviewing CONFIDENTIAL MATERIALS shall disseminate or disclose them to any person other than those described above in Paragraph 5 and for the purposes specified, and in no event shall such person make any other use of such CONFIDENTIAL MATERIALS.

8. Subject to paragraph 9, in the absence of prior written permission from designating party or an order by the Court CONFIDENTIAL-AEO MATERIALS shall not be disclosed to any person other than counsel of record in this case.

9. In the event that any party disagrees with any designation made under this Order, the parties shall first try in good faith to resolve the disagreement informally. If the dispute cannot be resolved and the receiving party concludes in good faith that the materials have been improperly classified, the receiving party shall notify the designating party in writing by facsimile or by electronic transmission of its objection, but shall continue to maintain the documents or other information as confidential for fifteen (15) days after such notice. The designating party shall have the right to move the Court to retain the designated status of such materials. If the designating party files such a motion within the fifteen (15) day period, the receiving party shall continue to retain the materials as CONFIDENTIAL or CONFIDENTIAL-AEO, consistent with the designating party's designation, until the Court has ruled on the designating party's motion.

10. Subject to paragraph 9, any party seeking to file CONFIDENTIAL MATERIALS or CONFIDENTIAL-AEO MATERIALS with the Court must contact the designating party five (5) business days prior to such filing to: (i) provide the designating party with notice that it seeks to file CONFIDENTIAL MATERIALS or CONFIDENTIAL-AEO MATERIALS with the Court; and (ii) meet and confer in good faith to determine whether a redacted version of the CONFIDENTIAL MATERIALS or the CONFIDENTIAL-AEO MATERIALS can be filed with the Court. In the event no agreement is reached for the filing of a redacted version, the party seeking to file such CONFIDENTIAL MATERIALS or CONFIDENTIAL-AEO MATERIALS shall file a Motion to Seal, in accordance with Local Rule 83.11(c), and shall file such materials in accordance with Local Rule 83.11(d). The parties shall work together in good faith to coordinate the filing of all motions and material covered by this paragraph to permit compliance with the Local Rules.

11. Subject to paragraph 9, within sixty (60) days after the conclusion of this case the parties shall assemble and return to the designating party all materials containing information designated in accordance with paragraph 2, above, including any such material disseminated by the respective party to any permissible third party pursuant to paragraph 5. The designating party may elect to have its designated materials, including any summaries, extracts, compilations, notes or other attorney work product destroyed.

12. This Order shall remain binding after the conclusion of this case unless otherwise ordered by the Court, and the Court shall retain jurisdiction over all parties bound hereby for the purposes of enforcing this Order. Each individual signing the acknowledgment attached as Exhibit A agrees to be subject to the jurisdiction of this Court for purposes of this Order.

13. This Order does not prevent any party from seeking to seal trial transcripts and/or trial exhibits, including documents previously filed under seal, or from seeking any other similar relief pursuant to Local Rule 5(H).

14. Neither the entry of this Order, nor the designation of any materials as "CONFIDENTIAL" of "CONFIDENTIAL-AEO," nor the failure to make such designation, shall constitute evidence on any issue in this case. The designation of any materials as 'CONFIDENTIAL" or "CONFIDENTIAL-AEO" does not waive that party's objection to any discovery on the ground that it seeks information protected by Federal Rule of Civil Procedure 26(c) or other provision of law.

15. With regard to the treatment of inadvertently disclosed attorney-client privilege or attorney-work product documents or testimony, all parties will follow the applicable Federal Rules of Civil Procedure and interpretive case law. In the event of a dispute about any such document, the document(s) claimed to have been inadvertently disclosed shall not be disseminated to any other party or person, after notice of the inadvertent disclosure is given by the party claiming the privilege or protection to the other parties, and no use shall be made of such document, until the status of the document has been resolved by agreement, the return of the document to the claiming party, or by order of the Court.

16. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of materials afforded confidential treatment pursuant to this Order.

**IT IS SO ORDERED.**

Dated: _July 5,_____, 2007       /s/ Justo Arenas
                                     Chief United States Magistrate Judge
                                     Sitting by Designation

## EXHIBIT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

CIVIL ACTION NO. 07-CV-00070-SM

MICHAEL C. DILLON and )
JENNIFER KRESGE, )
    Plaintiffs )
  )
v. )
  )
SELECT PORTFOLIO SERVICES, )
HARMON LAW OFFICES, P.C., )
PMI GROUP, INC., MERRILL )
LYNCH MORTGAGE CAPITAL, )
MERRILL LYNCH MORTGAGE )
INVESTORS, LASALLE BANK )
NATIONAL ASSOCIATION, )
    Defendants )

### DECLARATION OF _____ UNDER STIPULATED PROTECTIVE ORDER

I, _____ being duly sworn, declares as follows:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____
_____.

4. I hereby acknowledge that: (i) I have been given a copy of the Stipulated Protective Order ("Protective Order") in the above-referenced case; (ii) I carefully read the Protective Order; and (iii) I understand and am familiar with the terms of the Protective Order.

5. I will comply with all of the provisions of the Protective Order. I will hold all Confidential Materials disclosed to me, including the substance and any copy, summary abstract, excerpt, index or description, in confidence, and will not disclose such material to anyone not qualified under the Protective Order. I will not use any Confidential Material disclosed to me for any purposes other than this case.

6. I will return all Confidential material that comes into my possession and all documents and things that I have prepared relating thereto, to counsel for the Party by who I am retained or employed, or from whom I received such material.

7.   I hereby submit to the jurisdiction of the United States District Court for the District of New Hampshire for the purposes of enforcement of the Protective Order in this case.

I declare under the penalty of perjury that the foregoing is true and correct.

_____