UNITED STATES DISTRICT COURT

                     DISTRICT OF NEW HAMPSHIRE


Michael C. Dillon,
     Plaintiff

     v.                                    Civil No. 07-cv-70-SM

Select Portfolio Servicing;
Harmon Law Offices, P.C.;
Merrill Lynch Mortgage Capital;
Merrill Lynch Mortgage Investors; and
LaSalle Bank National Association,
     Defendants


                          **O R D E R**


     The court routinely and periodically runs software designed to identify potential conflicts with respect to matters assigned to the judges.  A recent such check identified a potential conflict in connection with the defendant LaSalle Bank, N.A., apparently arising from the fact that Bank of America purchased LaSalle Bank last October.

     LaSalle Bank did not disclose that change in ownership, and did not meet its continuing obligation to keep the court informed about parent/subsidiary relationships.  Upon discovery of the potential conflict, a deputy clerk discussed the matter with counsel, and a conference call with the court was scheduled for August 12, 2008.  Counsel to both plaintiff and LaSalle participated in the conference call.  Counsel to LaSalle

confirmed that Bank of America had acquired LaSalle Bank, N.A., on October 1, 2007.  The undersigned owns Bank of America stock and owned that stock on October 1, 2007.  The undersigned now "knows of his financial interest in a party," which requires disqualification, or recusal.  28 U.S.C. § 455(b).

While one can argue the wisdom of an inflexible rule requiring recusal based upon even a very minor holding of, say, 100 shares, in a giant corporation, nevertheless, that is the rule.  For recusal purposes, a "financial interest" in a party means "ownership of a legal or equitable interest, however small."  28 U.S.C. § 455(d)(4).  The financial interest disqualification is not waivable by the parties.

During the August 12 telephone conference, the court noted that both substantive and procedural orders had been entered after October 1, 2007, and, although some orders directly affected other parties, nevertheless, those decisions plainly also affected LaSalle Bank, shaping the litigation landscape with respect to LaSalle and plaintiff – e.g., facilitating the filing of pending dispositive motions, and permitting what otherwise would be non-conforming motions (extending time limits and enlarging page limitations).

To restore this case to its status as of October 1, 2007, the court hereby vacates all orders entered on or after that date. That, in turn, requires the court to terminate all pending motions, since they have been shaped by, and filed in reliance upon, the court's prior substantive and procedural orders.

**Conclusion**

The Clerk of Court shall: (1) vacate all orders issued by the undersigned in this case on or after October 1, 2007; and (2) terminate all currently pending motions, without prejudice to refiling once this matter has been assigned to a new judge. At that time, if any of the parties wishes to "refile" a terminated motion, or motion previously resolved by a now vacated order[1], that party may notify the court of its desire to do so; it shall not be necessary for the party to physically refile the same motion again. The same shall apply to any objections to those motions.

For the reasons given, the undersigned is recused, <u>nunc pro tunc</u>, as of October 1, 2007, and the case shall be reassigned to a different judge.

---

[1] Counsel suggested that they were inclined to stipulate to entry of orders identical to those previously entered, but that is a matter exclusively for the newly assigned judge's attention.

**SO ORDERED.**

_/s/ Steven J. McAuliffe_
Steven J. McAuliffe
Chief Judge

August 15, 2008

cc: Edmund J. Boutin, Esq.
    William P. Breen, Esq.
    Steven A. Clark, Esq.
    Dorothy A. Davis, Esq.
    Walter L. Maroney, Esq.